**Alexander PORTIS, Plaintiff,**

v.

**DEPARTMENT OF the ARMY, Defendant.**

**Civ. A. No. 87–632–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 10, 1987.

---

**580**

Alexander Portis, pro se.

Thomas D. Pearson, Jr., Arlington, Va., for plaintiff.

Paula M. Potoczak, Asst. U.S. Atty., Alexandria, Va., for defendant.

## MEMORANDUM ORDER

ELLIS, District Judge.

This matter came to the Court on: (1) plaintiff's motions for leave to file an amended complaint and for an extension of time to pursue discovery; and (2) defendant's motion to dismiss or, alternatively, for summary judgment. For reasons stated from the bench and for the reasons set forth in this Order, plaintiff's motion to file an amended complaint is DENIED and defendant's motion to dismiss is GRANTED.

Plaintiff was the custodian of the Rod and Gun Club at the U.S. Army Garrison, Youngsan, Korea. Plaintiff was terminated from this position and subsequently filed an EEOC complaint alleging racial discrimination. The EEOC held that plaintiff's removal was not racially motivated. Plaintiff received the EEOC's decision on June 30, 1986. On July 31, 1986, plaintiff filed the present action in the United States District Court for the District of Columbia. Plaintiff served the United States Attorney's Office on August 6, 1986, the Attorney General on August 11, 1986, and the U.S. Department of Army on August 20, 1986. On July 4, 1987, the D.C. District Court transferred the case to the Eastern District of Virginia.

Plaintiff's original complaint failed to name the proper defendant, John Marsh, Secretary of the Army. Plaintiff has now attempted to file an amended complaint correcting this defect and have it "relate back" pursuant to Fed.R.Civ.P. Rule 15(c). This Court holds that such an amendment may not relate back because it is untimely. Accordingly, this Court lacks jurisdiction to hear plaintiff's complaint.

Rule 15(c) provides, in part, that an amended complaint relates back if: (1) the basic claim arose out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice so that it will not be prejudiced; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against him; and (4) the second and third requirements must have been fulfilled within the prescribed limitation period. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

Here, the proper defendant was not given notice within the period provided by law for commencing the action (i.e., thirty days), as is clearly required by Rule 15(c). Plaintiff's amended complaint, therefore, cannot relate back. Plaintiff asserts, however, that such a strict interpretation of Rule 15(c) poses an undue hardship and that defendant has not been prejudiced.[1] Notwithstanding the merits of plaintiff's argument, this Court cannot interpret Rule 15(c) to permit the amended complaint to

---

1. Plaintiff also claims that the D.C. District Court's transfer of the case implies that the Court ·has jurisdiction. When this matter was before the D.C. Court, the government moved to dismiss or, alternatively, to transfer. Since the D.C. Court transferred rather than dismissed the suit, plaintiff argues that the jurisdictional issue is "law of the case." Yet an examination of the record reveals nothing to indicate that the D.C. Court addressed the jurisdictional issue. That court simply transferred the matter. Therefore, there exists no law of the case with respect to jurisdiction.

relate back. The Supreme Court, in *Schiavone*, faced this issue and held that Rule 15(c) must be strictly interpreted.[2]

> We do not have before us a choice between a "liberal" approach toward Rule 15(c), on the one hand, and a "technical" interpretation of the Rule, on the other hand. The choice, instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says.

> \*       \*       \*       \*       \*       \*

> The linchpin is notice, and notice within the limitation period. Of course, there is an element of arbitrariness here, but that is a characteristic of any limitation period. And it is an arbitrariness imposed by the legislature and not by the judicial process.

477 U.S. 21, 106 S.Ct. 2379; *see also Cooper v. United States Postal Service*, 740 F.2d 714 (9th Cir.1984), *cert denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (amended complaint naming the Postmaster General as defendant in a Title VII Action could not relate back under 15(c) because defendant was not served notice within the statutory period).

Accordingly, it is hereby ORDERED that:

(1) Plaintiff's motion to file an amended complaint is DENIED; and

(2) Defendant's motion to dismiss is GRANTED.

---

**2.** Plaintiff filed his complaint on July 31, 1986, exactly thirty days after the EEOC decision. The U.S. Department of the Army received notice on August 20, fifty days after the EEOC decision. If plaintiff had filed earlier and notice had been given to the Army within the thirty day limitation period, then Rule 15(c) would have applied and plaintiff's amended complaint would have related back.