**Earnest HARRIS, Plaintiff–Appellant,**

v.

**U.S. DEPARTMENT OF TRANSPORTATION, and U.S. Coast Guard, Defendants–Appellees.**

No. 87–6285
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 28, 1988.

Leopoldo Fraga, Jr., Houston, Tex., for plaintiff-appellant.

Samuel Longoria, Frank A. Conforti, Asst. U.S. Attys., Houston, Tex., for defendants-appellees.

Before GEE, GARWOOD, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

On May 9, 1986, appellant filed an administrative complaint of race discrimination against his employer, the appellees. Appellant received notice of final agency action on June 14, 1986. Appellant thereafter filed suit on July 10, 1986, naming appellees as defendants. He served the Coast Guard and the U.S. Attorney by certified

mail on July 14, 1986, and such service was received on July 15, 1986. The U.S. Attorney rejected service of process by mail on July 16, 1986, but accepted personal service of process on July 23, 1986.[1] Appellant served the U.S. Attorney General by certified mail on July 23, 1986, and such service was received on July 28, 1986. Relying on our recent decision in *Gonzales v. Secretary of the Air Force*, 824 F.2d 392 (5th Cir.1987), the district court granted appellees' motion for summary judgment and dismissed appellant's cause of action because no party received notice of appellant's suit within the thirty-day limitation period of 42 U.S.C. § 2000e–16(c). Appellant appeals. We AFFIRM.

Section 2000e–16(c) provides in pertinent part:

> Within thirty days of receipt of notice of final action taken by a department, agency or unit ... an employee or applicant for employment, if aggrieved by the final disposition of his complaint ... may file a civil action ... in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant. 42 U.S.C. § 2000e–16(c).

Under this statute, appellant had to file his complaint within thirty days after June 14, 1986, and he had to name the head of the Department of Transportation (the Secretary of Transportation) and head of the Coast Guard (the Commandant) as defendants. Appellant timely filed his complaint on July 10, 1986, but he failed to name the proper parties as defendants.

The district court could have retained jurisdiction if appellant had named the proper parties in an amended complaint that "related back" to the original filing date under Fed.Rule Civ.Proc. 15(c).[2] In *Schiavone v. Fortune*, 477 U.S. 21, 106

S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Supreme Court wrote:

> Relation back [under Rule 15(c)] is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

106 S.Ct. at 2384. *See also Gonzales*, 824 F.2d at 395. As in the above cases, the second and fourth factors are most important here.

In *Schiavone*, plaintiffs timely sued Fortune Magazine for libel within New Jersey's one-year statute of limitations. "Fortune," however, was only a trademark and internal division of Time, Incorporated. When the plaintiffs attempted to serve process on Time's registered agent, the agent refused process because Time had not been named as a defendant. The plaintiffs amended their complaint to name Time as a defendant and thereafter serve process on it after the one-year statute of limitations had expired. The Supreme Court affirmed the district court's dismissal of the plaintiffs' complaint because neither Fortune nor Time received notice of the filing until after the limitations period had run. Therefore, the amended complaint did not "relate back" under Rule 15(c).

In *Gonzales*, the plaintiff received notice of a final agency decision on March 15, 1985, and thereafter timely filed a complaint against the Department of the Air Force within the thirty-day period of

---

**1.** Our analysis herein renders unnecessary a discussion of whether the U.S. Attorney properly refused service of process by mail.

**2.** Appellant has yet to file an amended complaint naming the Secretary of Transportation and the Commandant of the Coast Guard as defendants. Because he has already filed one amended complaint, he may file an additional amended complaint naming the proper parties

as defendants "only by leave of court or by written consent of the adverse party[.]" FRCP 15(a). Rather than have this matter ping-pong back and forth between the trial and appellate courts, we proceed on the assumption that appellant could yet, at this late date, file an amended complaint naming the proper parties as defendants. Our holding herein, however, renders unnecessary a remand for amendment.

§ 2000e–16(c) on April 12, 1985. Gonzales served process on the Department and the U.S. Attorney after the thirty-day period had expired. Gonzales amended his complaint on May 21, 1986, naming the Secretary of the Air Force as the proper defendant. He served process on the Secretary on June 2, 1986. Relying on *Schiavone*, we affirmed the district court's dismissal of the plaintiff's complaint because neither the Department, the Secretary, or the United States Attorney received notice of the suit within the thirty-day period mandated by § 2000e–16(c).

Unlike the plaintiffs in these cases, appellant served process on the Coast Guard and the U.S. Attorney within the thirty-day period of § 2000e–16(c).[3] This fact is insufficient to preclude application of the *Schiavone* line of cases, however, because as therein, the Coast Guard and the U.S. Attorney did not receive notice until July 15, 1986, one day after the thirty-day period had expired. As the Supreme Court has noted when discussing Rule 15(c), "[t]he linchpin is notice, and notice within the limitations period." 106 S.Ct. at 2385. The second and fourth factors of the *Schiavone* test clearly indicate that the focal point of notice is not on when it is given, but when it is received. *See also* Rule 15(c) and Advisory Committee's Notes; 6 C. WRIGHT, A. MILLER, & M. KANE, *Federal Practice and Procedure*, § 1498, p. 267 (1987 Supp.) ("In order for an amendment adding a party to relate back under Rule 15(c) the party to be added must have received notice of the action before the statute of limitations has run.... Justice Blackmun, writing for the majority [in *Schiavone* ], concluded that notice must be received within the statute of limitations and it is not sufficient to find that notice is given within the time for service.") (footnote omitted). Thus an amended complaint filed even at this late date would not "relate back" and give the trial court jurisdiction of this case because no governmental agency, official, or attorney received notice within the limitations period.

---

**3.** Whether appellant's service of process on the U.S. Attorney was proper is an issue we need

## CONCLUSION

The judgment of the district court is AFFIRMED.

not resolve. *See* n. 1 and accompanying text.