**Minnie M. HONEYCUTT,
Plaintiff–Appellant,**

v.

**John E. LONG, Major General Commander, Army and Air Force Exchange Service, Defendant–Appellee.**

No. 87–1803.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1988.

Hal H. Gillespie, Dallas, Tex., for plaintiff-appellant.

Myrna B. Silen, Asst. U.S. Atty., Mariann Irene Martin, Dallas, Tex., for defendant-appellee.

Before BROWN, WILLIAMS and GARWOOD, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Minnie E. Honeycutt instituted this employment discrimination suit against Major General John E. Long, in his role as Commander of the Army & Air Force Exchange Service ("AAFES"). The district court dismissed Honeycutt's suit for failure to name the proper party defendant and for insufficiency of process under Fed.R.Civ.P. 4(d)(4) and (5). We affirm.

## I. *Facts and Prior Proceedings*

Honeycutt has been employed by the AAFES since October 23, 1967. On September 6, 1985, Honeycutt contacted an AAFES Equal Employment Opportunity counselor to complain that she had not been promoted because of her sex, age, and handicap. Honeycutt proceeded through the appropriate administrative channels, and on January 14, 1987, she received a final adverse decision from the AAFES. Honeycutt filed this suit on February 4, 1987 under Title VII, 29 U.S.C. § 2000e–16, the Rehabilitation Act, 29 U.S.C. § 791, and the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 633a, naming Long as the sole defendant. Honeycutt served process on Long on February 11, 1987.

On April 9, 1987, Long filed a motion to dismiss or, in the alternative, for summary judgment on the grounds that Long was not the proper party defendant and that service of process was insufficient under Fed.R.Civ.P. 4(d)(4) and (5).[1] Honeycutt responded to the motion by asserting she had sued the correct party and by requesting leave to amend her complaint to add the Secretary of Defense as the named defendant under Fed.R.Civ.P. 15(c). Honeycutt also proceeded to perfect process by serving the United States Attorney for the Northern District of Texas on June 2, 1987.

A memorandum order and final judgment were issued on July 23, 1987. The district court granted the Commander's motion to dismiss or, in the alternative, for summary judgment and denied Honeycutt's request to amend her complaint. This appeal followed.

## II. *The Proper Party Defendant*

A government employee has thirty days from the receipt of the final agency ruling informing her of her rights to appeal by filing a Title VII employment discrimination action.[2] 42 U.S.C. § 2000e–16(c); *Brown v. General Serv. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Bell v. Veterans Admin. Hosp.*, 826 F.2d 357, 360–61 (5th Cir.1987). In this case, Honeycutt had until February 13, 1987 to file her complaint against the proper de-

---

**1.** Rule 4(d)(4) and (5) provide a uniform and comprehensive method of service of the federal government:

    (4) Upon the United States, by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the sum-

mons and of the complaint by registered or certified mail to such officer or agency.

    (5) Upon an officer or agency of the United States, by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. If the agency is a corporation the copy shall be delivered as provided in paragraph (3) of this subdivision of this rule.

**2.** Honeycutt could have filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and awaited the EEOC's decision before filing a lawsuit. 42 U.S.C. § 2000e–16(c). She elected instead to bypass the EEOC and institute this action.

fendant. She timely filed her complaint on February 4, 1987; however, she mistakenly chose Long as the defendant.

■ Under Title VII and the Rehabilitation Act the proper defendant is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(a)(1) (adopts Title VII procedures). The Supreme Court has also held that the ADEA is to be construed in accordance with Title VII. *Lehman v. Nakshian,* 453 U.S. 156, 168 n. 15, 101 S.Ct. 2698, 2705 n. 15, 69 L.Ed.2d 548 (1981) ("measures used to protect Federal employees [from age discrimination] would be substantially similar to those" in Title VII); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979) (stating the parallel provisions of the ADEA should be construed consistently with Title VII); see also *Smith v. Office of Personnel Management,* 778 F.2d 258, 262 (5th Cir.1985), *cert. denied,* 476 U.S. 1105, 106 S.Ct. 1949, 90 L.Ed.2d 358 (1986) (stating Title VII case law will be used to construe the ADEA). Thus, the appropriate defendant to be sued under the ADEA is the same person as under Title VII and the Rehabilitation Act.

■ Both Title VII and the ADEA specifically state that this law identifying the proper defendant applies to personnel actions affecting employees in military departments as defined in 5 U.S.C. § 102, and in executive agencies as defined by 5 U.S. C. § 105. *See* 42 U.S.C. § 2000e–16(a) and 29 U.S.C. § 633a(a). Military departments are defined as the Department of Army,

the Department of Air Force, and the Department of Navy. 5 U.S.C. § 102. An executive agency means an executive department, a government corporation, and an independent establishment. 5 U.S.C. § 105. The Department of Defense is an executive department. 5 U.S.C. § 101. An independent establishment means an establishment in the executive branch which is not an executive department, military department, or part thereof. 5 U.S.C. § 104. The AAFES is a part of the Department of Defense.[3] Thus, the AAFES by statutory definition is not an executive department, military department, executive agency, or independent establishment.

■ Clearly, the Commander of AAFES is then not the head of a "department, agency, or unit" so that he would be a proper defendant under the statute.[4] A proper defendant in this case would be the head of the Department of Defense, the Secretary of Defense, since the Department of Defense is an executive department.[5] Thus, Honeycutt incorrectly sued the wrong party.

### III. *Relation back under Fed.R.Civ.P. 15(c)*

■ Honeycutt asserts the district court was incorrect in denying Honeycutt's motion to amend her complaint to add the Secretary of Defense as the proper party. Under 15(c) of the Fed.R.Civ.P., this amendment would allow for relation back to the original filing date so that Honeycutt would be deemed to have filed timely against the Secretary.[6] This Court is

---

3. The AAFES is a Nonappropriated Fund Instrumentality ("NAFI") of the United States operating under the Department of Defense. It is directed by a board of directors composed of Army and Air Force members. In the Department of Defense Directive 1401.1–M, Personnel Policy Manual for NAFI's, NAFI employees are stated to be federal employees within the Department of Defense.

4. Unit as set out in 42 U.S.C. § 2000e–16(c) is a unit of the District of Columbia or the federal legislative and judicial branches having positions in the competitive service. AAFES, therefore, cannot be a unit as NAFI employees are not civil servants.

5. Also, since the AAFES is run jointly by the Department of the Air Force and the Department of the Army, Honeycutt could properly have sued the Secretary of the Air Force and the Secretary of the Army jointly. *See Gonzales v. Secretary of the Air Force,* 824 F.2d 392 (5th Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 1245, 99 L.Ed.2d 443 (1988).

6. Fed.R.Civ.P. 15(c) reads as follows:
   Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment chang-

bound by *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), which sets out four requirements for relation back of an amended pleading that brings in a new party under Rule 15(c):

(1) the basic claim must have arisen out ·of the conduct set forth in the original pleading; 2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; 3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and 4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* at 29, 106 S.Ct. at 2384. In order for an amended pleading to relate back, all four factors must be satisfied. It is not disputed that Honeycutt satisfies the first factor. It is the other three factors that are at issue on appeal.

The questions before us then are (1) whether the Secretary of Defense had sufficient notice of Honeycutt's federal law suit so that no prejudice would result to the Secretary in maintaining a defense, (2) whether the Secretary knew or should have known that the action brought against Long would have been brought against him but for Honeycutt's mistake in the complaint naming Long, and (3) whether the above two requirements were satisfied within the 30–day limitations period of 42 U.S.C. § 2000e–16(c). Thus, the focus is on notice within the limitations period.

In *Schiavone,* the Supreme Court did not decide the type of notice required to satisfy the set out requirements but it did decide proof of some notice was necessary. It also indicated the focus should not be on when notice is given, but when it is received. The court concluded that Rule 15(c) should be applied literally:

We do not have before us a choice between a "liberal" approach toward Rule

15(c), on the one hand, and a "technical" interpretation of the Rule, on the other hand. The choice instead, is between recognizing or ignoring what the Rule provides in plain language. We accept the Rule as meaning what it says.

*Id.* at 30, 106 S.Ct. at 2385.

This Court has applied the *Schiavone* factors in three recent decisions. *Gonzales, supra; Brown v. Department of the Army,* 854 F.2d 77 (5th Cir.1988); *Lamb v. United States Postal Service,* 852 F.2d 845 (5th Cir.1988). In these cases, we upheld the District Court's ruling denying the plaintiff the benefit of Rule 15(c). In each case, it was clear that no government entity had any notice within the 30 day period.

Honeycutt's situation is distinguishable since AAFES, a government entity, had actual notice within the statutory period. Nevertheless, relief must be denied because of the failure of any notice of any kind to the proper government defendant within the required time period. In *Gonzales,* this Court expressly left open whether some kind of informal notice to the proper defendant within the statutory period would be sufficient under 15(c). 824 F.2d at 396, n. 3. In *Barkins v. International Inns Inc.,* 825 F.2d 905, 907 (5th Cir.1987), this Court said that *Schiavone* did not affect this Circuit's precedent concerning what constitutes notice under 15(c), suggesting that as long as there is evidence of some kind of notice to the proper party, whether formal or informal, within the appropriate period, the *Schiavone* factors might be satisfied. Thus, Honeycutt needed to prove some kind of notice to the Secretary of Defense that prevented prejudice. Otherwise she could not claim the benefit of rule 15(c).

Honeycutt argues that by serving process on Long on February 4, eight days before the statutory time period ran out, knowledge of the suit can be assumed to

---

ing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of

the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

have reached, or at least can be imputed to, the Secretary of the Defense. The district court found it unconvincing that there was sufficient identity[7] between the AAFES and the Department of Defense for purposes of service or for purposes of notice of the pending lawsuit. Based upon *Schiavone*, we are compelled to agree. Honeycutt failed to submit any evidence on the issue other than the fact Long was served.

First, we cannot conclude that service of Long within the statutory period resulted in actual notice to the Secretary of Defense. The lack of evidence compels the conclusion that notice did not make it through the ranks of the military in eight days, the amount of time remaining in the period from the day Long was served with process. The only evidence in the record reflects that there was no notice. Service was not even acknowledged in the AAFES office until February 11, 1987, which was only two days before the statutory period ended. It is highly unlikely that in two days the Secretary of Defense's office became aware of the suit.

Honeycutt also failed to prove that notice should be imputed. The District Court correctly held a lack of "identity of interest" between the two defendants. The AAFES is a subdivision of the Department of Defense, but it is located in a different city and does not share counsel with the Department.[8]

Honeycutt's case is distinguishable from prior cases in which we have found enough relation between the original party sued and the one sought to be added to infer sufficient notice. In *Hendrix v. Memorial Hospital of Galveston County*, 776 F.2d 1255, 1257–58 (5th Cir.1985), the evidence showed that the original party and the party sought to be added used the same mailing address, same counsel, and were located in the same complex. This Court was willing to infer notice. Honeycutt's facts

are far removed from such focussed service.

In *Marks v. Prattco, Inc.*, 607 F.2d 1153, 1156 (5th Cir.1979), we allowed relation back where counsel for the party sought to be added had participated in the original hearing and in its answer to the original complaint had made it clear that it was aware of the law suit within the relevant period. In the case before us, Secretary of Defense's counsel did not participate in any way.

In *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1146–47 (5th Cir.1970), plaintiffs named the Tower Life Building in the original complaint and sought to amend to name the Tower Life Insurance Company. We allowed relation back, holding that the allegation of the name of the party was simply a misnomer. We found relevant the fact that it was through the general counsel of the Company that the Building answered. Also, the Company was officed in the Building and kept the records of the Building. *Id.* at 1146.

Finally, in *Barkins*, we also allowed relation back. The original party and the party sought to be added shared counsel who had represented the employer at the EEOC hearing and had received a copy of the EEOC's right to sue letter. 825 F.2d at 907. Honeycutt's situation does not fall into any of these fact patterns.

It is the utmost importance to emphasize that a person doubtful about whom to sue in the federal government has a safe and effective option under Rule 15(c). Realizing that the appropriate party defendant can be confusing when suing the government, Congress amended Fed.R.Civ.P. 15(c) in 1966 to provide specific guidance:

> The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a

---

**7.** Generally "identity of interest" means the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other. *See Kirk v. Cronvich*, 629 F.2d 404, 408 n. 4 (5th Cir.1980) (the court

found a sufficient identity between the sheriff and the sheriff department to impute notice).

**8.** It is noteworthy that only the General Counsel of the Department of Defense may accept service of process for the Secretary. 32 C.F.R. § 257.5(a).

proper defendant if named, satisfies the requirements of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Thus, Honeycutt could have preserved her right to use Rule 15(c) simply by serving the United States Attorney within the 30 day period. Service upon the United States Attorney within the statutory limitations period allows relation back under Rule 15(c). *Edwards v. United States*, 755 F.2d 1155, 1156 (5th Cir.1985). If she had followed the clear language of 15(c), she would have achieved adequate service to allow later amendment.[9]

In addition, we must recognize that the concerns with allowing relation back when the government is the defendant are more stringent than in private civil cases. The Federal Government is clothed with the cloak of sovereign immunity. 453 U.S. at 161, 101 S.Ct. at 2701. Waivers of sovereign immunity are to be strictly construed. *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). Title VII allows for suits against the Government; thus, it must be strictly construed.

### IV. *Equitable Tolling and the ADEA Statute of Limitations*

■ Honeycutt raises for the first time on this appeal the claim that the district court erred in applying the 30 day statute of limitations to her ADEA claim and in not addressing equitable considerations before dismissing the suit based on the statute of limitations.

An issue raised for the first time on appeal may be considered by this Court where exceptional circumstances are present, provoking a miscarriage of justice. *Ayers v. Western Line Consolidated School District*, 691 F.2d 766, 768 (5th

Cir.1982). Exceptional circumstances include 1) when a pure question of law is involved and a refusal to consider it would result in a miscarriage of justice, *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1144–45 (5th Cir.1981); and 2) where the interests of substantial justice are at stake, *Edwards v. Sears, Roebuck, and Company*, 512 F.2d 276, 286 (5th Cir.1975). Honeycutt has failed to show exceptional circumstances in light of the established law under *Schiavone* and the protections to proper service procedure in Rule 15(c). Honeycutt's failure to raise the application of the statute of limitations and the equitable claim of relief from the application of the statute at the District Court level precludes the consideration of either one as grounds for reversal.

### V. *Conclusion*

We hold that appellant's suit was properly dismissed for failure to designate the Secretary of Defense as the proper defendant or to substitute for that failure service on the United States Attorney or the Attorney General under Fed.R.Civ.P. 15(c). Further, we hold that the District Court was correct in denying Honeycutt's motion to amend her petition under the same rule. We must affirm.

AFFIRMED.

JOHN R. BROWN, Circuit Judge, dissenting in fact, but concurring[1] with lamentations in law.

Perhaps, at least with respect to F.R. Civ.P. 15(c) cases, I should adopt the position of a former Chief Judge that dissenting opinions are "generally useless." *See Payne v. McLemore's Wholesale and Retail Stores*, 654 F.2d 1130, 1147 (5th Cir. 1981); (Coleman, J., dissenting). Despite the temptation to resign myself to the futil-

---

**9.** The earlier holdings of our Circuit in *Hendrix* and in *Kirk* that the period for notice includes a reasonable time to perfect service were explicitly rejected in *Schiavone*. 477 U.S. at 30, 106 S.Ct. at 2385. Thus, the fact that service was perfected on June 2 by serving the United States Attorney does not help Honeycutt here. She had to accomplish it in the 30 day period to be protected under 15(c).

**1.** The Court, over my somewhat spirited defense, has ruled in *Gonzales v. Secretary of Air Force*, 824 F.2d at 395; therefore as a loyal trooper I am bound although still convinced of the error of our—and with utmost deference, the Supreme Court's—ways.

ity of dissent, I find the unfairness of dismissing litigants such as Minnie Honeycutt —especially in light of the intent of the 1966 amendments to Rule 15(c) to mitigate the harshness of pleading errors which impart no damage to the opposing party—too severe to be accepted as an unavoidable evil under the guise of interpretation.

While I agree with the court's conclusion in Part II that Commander Long of AAFES is not a proper party defendant, I find myself once again at odds with the court with respect to the application of Rule 15(c)'s allowance for an amendment of a complaint to relate back. *See Gonzales v. Secretary of Air Force,* 824 F.2d 392, 396–400 (5th Cir.1987) (Brown, J., dissenting). Unlike *Gonzales,* my disagreement in the instant case is primarily factual for I disagree with the court's conclusion that the Secretary of Defense failed to receive any notice—actual or imputed—within the 30–day limitations period and therefore cannot be substituted as the defendant under Rule 15(c).

### Will the Real Defendant Please Stand Up?

I find no fault with the court's analysis of 42 U.S.C. § 2000e–16(c) and related statutory provisions which ultimately concludes that Long, the Commander of AAFES, is not a proper defendant in this ADEA action. In this context, however, I must point out that (i) the Commander of AAFES has been a named defendant in a Title VII class action,[2] and (ii) the Third Circuit recently stated, in interpreting

§ 2000e–16(c), that the correct defendant in a Title VII action is either the Secretary of Defense or the head of AAFES. *Williams v. Army and Air Force Exchange Service,* 830 F.2d 27, 31 (3d Cir.1987). ("It is clear that had ... counsel consulted the statute ... he would have ascertained that the correct defendant was the Secretary of Defense or the head of the Agency (AAFES).") I raise these two points to highlight the fact that Honeycutt's failure to sue the correct party should not be scoffed at or dismissed as a mere act of attorney carelessness. To the contrary, Honeycutt and her attorneys could stand fairly confident that they had indeed sued the correct party. Although—as the majority urges with respect to relation back— the plaintiff employee could have safely served process on the United States Attorney under F.R.Civ.P. 15(c), this option is of little aid to one who has no serious doubt that he has served a proper party defendant.

Finally, I believe this court should join the ranks of those courts [3] which have criticized ambiguities in EEOC and agency right to sue letters, and extend that criticism to agency correspondence which advises prospective plaintiffs of their legal rights to sue in federal court.[4] I urge AAFES, as the court urged the Secretary of Defense in *Williams,*[5] to reconstruct its notice to employees about their rights to appeal agency disposition of discrimination complaints to identify by specific name and title the proper party to be sued in a civil action.[6] This does not rest on any notion

---

**2.** *Shafer v. Commander, Army and Air Force Exchange Service,* 667 F.Supp. 414 (N.D.Tex. 1985) (a formidable Title VII sex discrimination class action suit).

**3.** *Williams v. Army and Air Force Exchange Service,* 830 F.2d 27, 31 (3d Cir.1987); *Mondy v. Secretary of the Army,* 845 F.2d 1051, 1052 n. 1 (D.C.Cir.1988); *Lubniewski v. Department of Navy,* 682 F.Supp. 462, 464 (N.D.Cal.1988).

**4.** The Department of Health and Human Services identifies the proper defendant in its right to sue letters, and I see no reason why AAFES cannot do the same for its AAFES employees in correspondence explaining their options to file civil actions.

**5.** *See Williams, supra,* 830 F.2d at 31.

**6.** Honeycutt received a Notice of Proposed Disposition of Discrimination Complaint from an AAFES Deputy EEO Officer in addition to the final agency decision. The Notice, pursuant to 29 C.F.R. §§ 1613.221 and 1613.282, advised Honeycutt that "[u]pon receipt of notification [of the proposed disposition of her complaint], you may appeal to the Equal Employment Opportunity Commission ... or file a civil action in an appropriate U.S. District Court within 30 days." Only one additional phrase would be required to identify the proper defendant and give an employee not only notice of her right to sue, but also a chance to vindicate her overriding right to be free from employment discrimination.

that there has been any active misrepresentation to employees such as Honeycutt. Rather it is to acknowledge the inherent confusion of applying § 2000e–16(c) to an organizational structure as complex as AAFES.[7]

### Relation Back: A Long–Lost Cousin?

In the oft repeated words of *Schiavone*, notice is the "linchpin" of relation back under Rule 15(c). *Schiavone*, 477 U.S. 21, 33, 106 S.Ct. 2379, 2386, 91 L.Ed.2d 18, 29. The notice requirement serves to protect a party from prejudice who is named to the suit after the limitation period. The court concludes that the record does not establish whether the Secretary of Defense had either actual or imputed notice of the suit against AAFES's Commander Long. My objection to the court's position is basic: (i) neither the trial court nor this court afforded any opportunity to Honeycutt either to establish or, for that matter ascertain through minimal discovery, whether that global enterprise known officially as The Department of Defense (and its Head, the Secretary) and symbolized by the Pentagon which houses its thousands of employees, was aware, before expiration of the statute of limitations, of the suit against Commander Long; and (ii) there is sufficient evidence of identity of interest to impute notice from Commander Long of AAFES to the Secretary of Defense.

Looking first at (ii) identity of interest, this court has previously stated in *Kirk* that "[w]here service of the original complaint is perfected upon an agent of a party sought to be brought in by amendment, there is adequate notice of the action to that party." *Kirk v. Cronvich*, 629 F.2d

404, 407 (citations omitted). A review of the structure of AAFES supports the conclusion that the Commander of AAFES is an agent of the Secretary of Defense, and therefore notice can be imputed.

The Secretary of Defense delegated authority to the Secretaries of the Army and Air Force to operate AAFES.[8] Those two Secretaries, in turn, set up a Board of Directors to administer AAFES. Commander Long serves as the executive agent for the Board of Directors for the administration of AAFES and also as a member of the Board of Directors.[9]

AAFES civilian personnel, such as Honeycutt, are federal employees within the Department of Defense.[10] The Commander of AAFES is responsible for setting "the policies, programs and procedures governing the administration of AAFES civilian employees ... according to the objectives of the DOD [Department of Defense] Personnel Policy Manual ... and the basic policies approved by the Board of Directors."[11]

Additionally, the notice that Honeycutt received of her final interview with the AAFES EEO Counselor stated in paragraph 3 that the Commander of AAFES was authorized to receive discrimination complaints.[12]

### Putting the Picture Puzzle Together— Where Does—The AAFES—the DOD Fit?

Putting these pieces of the puzzle together, we have undeniable delegation of authority on the part of the Secretaries of Defense, Army and Air Force to the Com-

---

**7.** In the first place what is the agency, and then who is its head? Is it the Department/Secretary of the Army? The Department/Secretary of the Navy? The Department/Secretary of the Air Force? Or the Department/Secretary of Defense?

AAFES is called a nonappropriated fund instrumentality of the Department of Defense. In other words, "The Secretary of Defense has vested in the Secretaries of the Army and the Air Force all functions, power, and duties relating to exchange and motion picture activities within their departments." A.R. 60–10/AFR 147–7, para. 1–5.

**8.** See n. 5 *supra*.

**9.** A.R. 60–10/AFR 147–7 paras. 1–7, 2–1.

**10.** Personnel Policy Manual For Nonappropriated Fund Instrumentalities, DOD 1401.1–M, para. 1–E.

**11.** A.R. 60–10/AFR 147–7, para. 3–10d(2).

**12.** The AAFES letterhead on which the notice appeared displayed both the shield of the Department of Defense and the AAFES logo.

mander of AAFES to handle, at minimum, all civilian personnel matters, including discrimination complaints and suits. This delegation indicates that at the very least Commander Long was an agent of the Secretary of Defense. Thus under *Kirk* we may, and should, impute notice to the Secretary of Defense from the timely service upon Long. There is no reason why this agency relationship should be deemed to evaporate when an employee's claim of discrimination leaves the realm of the administrative process and enters the doors of a federal court.

The Government's argument that placement of the Department of Defense shield along with that of AAFES on the notice letterhead (see n. 10 *supra*) should alert employees that the Secretary of Defense, not AAFES, is the proper defendant in Title VII and ADEA cases is, or borders on, the absurd. That very shield illustrates the closeness of the two entities. Whom to sue, and how the respondent is to be described—by title or by name, by the agencies above or below him/her—are not reflected in these Heraldic Shields.

*Was the Exalted Secretary of Defense Aware of Knowledge by His Subordinate:—AAFES—Commander Long?*

Even assuming that notice cannot be imputed to the Secretary of Defense from service on Commander Long as I have urged under (ii), I further think it is most objectionable that this court declines to remand this case to the trial court to determine, after carefully controlled discovery, whether the Secretary of Defense or an authorized subordinate had actual notice within the meaning of *Schiavone* of the pendency of this case within the limitation period.

The court flatly rejects the notion that there indeed could have been actual informal notice by speculating that "[i]t is highly unlikely that in two days [13] the Secretary of Defense's office became aware of

the suit." The court also states that Honeycutt failed to prove that notice of her claim against AAFES filtered "through the ranks of the military" within the eight day period between delivery of service to Commander Long and the running of the limitation period.

There is no contest that the record is insufficient to show actual notice. The trouble is that the trial court—even worse, this court—denied the employee any opportunity to ascertain, much less establish, what the facts are. Without the benefit of discovery, which in effect we now deny, I cannot fathom how an untutored government employee face to face with the glacial ominence of the federal establishment can be expected to make a showing of actual notice. Without either access to relevant materials from the files of the Commander of AAFES, his legal counsel, the Secretary of Defense and the General Counsel of the Secretary of Defense, or answers to interrogatories to ascertain other notices of the Honeycutt suit, the employee has no means of proving actual i.e. imputed or informal notice.

If the notion of informal actual (including imputed) notice is to be accorded any meaning, then the employee must be afforded an opportunity for discovery before the trial or this court decides the issue.

*Discovery Thwarted*

Before Honeycutt received Commander Long's responses to a set of interrogatories, the trial court granted Long's motion to stay all discovery pending resolution of his motion to dismiss. This court has long recognized the trial judge's broad discretion with respect to handling discovery. We find an abuse of discretion only if a discovery order is arbitrary or clearly unreasonable. *See, e.g., Mayo v. Tri–Bell Industries,* 787 F.2d 1007, 1012 (5th Cir. 1986); *Dukes v. South Carolina Insurance,* 770 F.2d 545, 548–49 (5th Cir.1985); *Scroggins v. Air Cargo, Inc.,* 534 F.2d 1124, 1133 (5th Cir.1976). However, a deni-

---

**13.** The time remaining in the limitation period after service on Commander Long was acknowl-   edged.

al of discovery as to matters relevant to a motion for denial or grant of summary judgment can constitute an abuse of discretion. *Petrus v. Bowen*, 833 F.2d 581 (5th Cir.1987), *Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1304 (5th Cir. 1983); *Scroggins, supra*, 534 F.2d at 1133; *Panola Land Buyers Ass'n. v. Shuman*, 762 F.2d 1550, 1560 (11th Cir.1985).

Even though the employee did not directly challenge the trial court's denial (stay) of discovery, the problem remains as to the role of the district court, and this court when there is a *Schiavone* and relation-back problem by a governmental employee seeking to vindicate the right given him/her by Congress to challenge in an Article III court the right to relief.

That discovery would have been fruitful can hardly be doubted in this day and world of big, big government and its enveloping bureaucracy. It would have displayed to an almost certainty that the last thing the Secretary of Defense—surrounded by hundreds of civilian experts and literally thousands of military supporters of tan, green and blue uniforms, conferring with Joint Chiefs of Staff on worldwide problems of defense strategy, the planning for and choice of defensive weapons bearing worldwide political implications—would be concerned about is this suit in Dallas, Texas by one single AAFES employee claiming she was discriminated against by being denied various promotions.

Obviously in an enterprise as widefolding and demanding, Congress—with or without the focus of national TVs—would have expressed dismay, indeed outright disapproval, of any system—really non-system—that committed any such prosaic matters to a person already so overwhelmed by global, political, military, geographic problems.

Obviously within this vast bureaucracy, the Secretary must have, a formalized system [14] for receipt of legal notices, summons, and citations which Congress has ordained—or courts have declared—are to be served on "the Secretary."

Undoubtedly within the labyrinth of the Pentagon there was an office to whom Commander Long routinely under appropriate regulations or directives sent word that he had been served with a legal summons in Honeycutt's case. If this took place it was enough to charge then Secretary Weinberger (or his successor) with notice that such a claim was being asserted. No one— and certainly not the Supreme Court—ever envisioned that its *Schiavone* notice had to be actual, not imputed.

In the never ending list of those cases [15] in which we throw out at least qualified suitors for failure to distinguish between the United States or the Departments of Defense, Army, Air Force, Navy, or Coast Guard and the relevant Department's Secretary, the minimum the trial and this court should do is to permit proof, with adequate discovery, of the governmental agency's procedure on service of notice or summons.

### Conclusion

For these reasons, I cannot endorse the further erosion of the principles of the 1966 amendments to Rule 15(c). These amendments sought to eliminate the inequities and injustice of the "sporting theory of justice" [16] whereby minor pleading errors deprived litigants with legitimate claims of their day in a federal court.

---

**14.** On argument, the United States Attorney, clothed with the full armor of the sovereign advised this court that indeed, there is such an office in the Pentagon. Imagine in its absence the plight of a Deputy United States Marshal, trying to penetrate the maze of Pentagon halls to gain entrance into the bureaucratically defended redoubt of *the* Secretary, or worse a civilian attorney hand carrying service of process as allowed under F.R.Civ.P. 4(c)(2)(A).

**15.** *E.g., Brown v. Department of Army*, 854 F.2d 77 (5th Cir.1988); *Harris v. Department of*

*Transportation*, 843 F.2d 219 (5th Cir.1988); *Williams v. Army & Air Force Exchange Service, supra*, 830 F.2d 27; *Koucky v. Department of Navy*, 820 F.2d 300 (9th Cir.1987); *Lubniewski, supra*, 682 F.Supp. 462; *Portis v. Department of Army*, 117 F.R.D. 579 (E.D.Va.1987).

**16.** *Schiavone*, 477 U.S. 21, 33, 106 S.Ct. 2379, 2386, 91 L.Ed.2d 18, 29 (Stevens, J., dissenting) (quoting Pound, The Causes of Popular Dissatisfaction with the Administration of Justice, 29 A.B.A. Reps. 395, 404–05 (1906).

Therefore, I respectfully dissent and concur with reservations.

