914 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles A. WILLIAMS, Jr., Plaintiff-Appellant,
v.
THE VIRGINIA NATIONAL GUARD BUREAU, Defendant-Appellee.
 No. 90-2633.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 13, 1990.
Decided Sept. 21, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-89-702-R).
 Robert Patrick Geary, Geary & Davenport, Richmond, Va., for appellant.
 Henry E. Hudson, United States Attorney, Robert William Jaspen, Assistant United States Attorney, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles A. Williams, Jr. appeals from a judgment of the district court dismissing his action against the Virginia Air National Guard filed pursuant to the Age Discrimination and Employment Act (ADEA), 29 U.S.C. Sec. 621. The district court held that Williams had failed to name the defendant required in an ADEA action against the government agency. It also held that Williams' proposed amendment attempting to substitute the proper party defendant could not relate back under the provisions of Rule 15(c) of the Fed.R.Civ.P. and that it was barred by the applicable statute of limitations. We affirm.
 
 
 2
 At the time of the filing of his complaint, Williams had been an employee of the Virginia Air National Guard for 17 years. In 1987, he applied for the position of supervisor in the area of his employment but the job was awarded to a significantly younger person. Williams filed an administrative complaint with the Equal Employment Opportunity Commission and that agency by letter of October 13, 1989, denied his complaint and informed him "[that he could file a civil action] within 30 days naming the Secretary of the Air Force as the defendant. Failure to name the Secretary of the Air Force may result in the loss of any additional redress to which you may be entitled." Neither in his complaint to the EEOC nor in his complaint filed in federal court did Williams name the Secretary of the Air Force as the defendant. The defendant was designated as "the Virginia National Guard Bureau."
 
 
 3
 The district court, although recognizing that the ADEA does not specifically designate what entities may or must be sued, held that the Act implicitly contains the same requirement as that of Title VII--that the appropriate defendant is "the head of the department, agency or unit as appropriate." 42 U.S.C. Sec. 2000e-16(c). Three of our sister circuits have reached that same conclusion and we agree that a plaintiff filing an ADEA complaint against a governmental agency is subject to the same requirements as those filing complaints under Title VII and must name the head of the department, agency or unit as appropriate. See Honeycutt v. Long, 861 F.2d 1346, 1348-49 (5th Cir.1988); Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir.1986); Ellis v. United States Postal Service, 784 F.2d 835, 838 (7th Cir.1986).[1]
 
 
 4
 The ADEA is also silent concerning a time limitation for filing a complaint in the federal courts. Here, too, however, it has been almost uniformly held that the thirty-day time limitation contained in Title VII is applicable to ADEA actions. Honeycutt, 861 F.2d at 1350; Romain, 799 F.2d at 1418; Healy v. United States Postal Service, 677 F.Supp. 1284, 1288-89 (E.D.N.Y.1987).[2]
 
 
 5
 Williams contends nevertheless that he should be permitted now to amend his complaint correctly naming the Secretary of the Air Force and that it should relate back to the day of the filing of his original complaint on November 9, 1989--citing Fed.R.Civ.P 15(c). There are four principal criteria for determining whether an amendment proposed under Rule 15(c) should relate back to the filing of the original complaint. Schiavone v. Fortune, 477 U.S. 21, 29 (1986). Chief among them is that "the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense." Id. In addition, the fourth Schiavone factor requires that notice to the proper party "must have been fulfilled within the prescribed limitation period." Id. The Court in Schiavone further held that the notice requirements of Rule 15(c) should be applied literally:
 
 
 6
 We do not have before us a choice between a "liberal" approach toward Rule 15(c), on the one hand, and a "technical" interpretation of the Rule, on the other hand. The choice instead, is between recognizing or ignoring what the rule provides in plain language. We accept the Rule as meaning what it says.
 
 
 7
 Id. at 30.
 
 
 8
 The complaint named the Virginia National Guard Bureau as a defendant and was served on a lieutenant general in that organization. Naming a supervisor in a subordinate department is simply not sufficient notice to the head of the agency to satisfy the requirements of Rule 15(c) and of Schiavone.[3] Gardner v. Gartman, 880 F.2d 797 (4th Cir.1989); see also Weisgal v. Smith, 774 F.2d 1277 (4th Cir.1985).
 
 
 9
 In view of the above, the judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Even had the Secretary been properly named as a defendant, Williams' complaint would have been subject to dismissal pursuant to Rule 12(b)(5) of the Fed.R.Civ.P. for insufficiency of service of process. Service of Williams' complaint was made on a lieutenant general of the Virginia National Guard. Fed.R.Civ.P. 4(d)(5) provides that service of process upon an agency of the United States be made by serving the United States and by sending copies of the summons and complaint by registered or certified mail to the officer or agency. Service on the United States is accomplished by delivering process to the United States Attorney or sending copies to the Attorney General of the United States
 
 
 [2]
 Aside from precedential considerations, Williams is not in a good posture to complain of inequitable treatment--he was specifically notified of the time limitation by the EEOC rejection letter. See Honeycutt v. Long, 861 F.2d 1346 (5th Cir.1988) (Brown, C.J., "dissenting in fact, but concurring with lamentations in law"). Judge Brown urged the federal defendant to "reconstruct its notice to employees about their rights to appeal agency disposition of discrimination complaints to identify by specific name and title the proper party to be sued in a civil action." Id. at 1353 (emphasis added). In the instant action, the appellee's letter notifying appellant of his rights specifically stated that "[i]f you file a civil action, you must name the Secretary of the Air Force as the defendant."
 
 
 [3]
 The related question of whether there is sufficient identity between the Virginia National Guard Bureau and the Secretary of the Air Force to have knowledge imputed on the Secretary has not been raised by appellant in his brief. However, even if we were to reach that question, appellant has failed to make a sufficient factual showing evidencing an "identity of interest" between the Virginia National Guard Bureau and the Secretary of the Air Force. See Honeycutt v. Long, 861 F.2d at 1351