**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-10360**
**Summary Calendar**

_____

**MARIA LUISA QUEVEDO,**

**Plaintiff-Appellant,**

**versus**

**ARMY & AIR FORCE EXCHANGE SERVICE, (AAFES);**
**BARRY D BATES, MG, Major General, USA Commander,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Northern District of Texas
3:99-CV-2056-X

_____

September 14, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Maria Luisa Quevedo alleges that she was discriminated against on the basis of her age and national origin by the Army Air Force Exchange Service (AAFES) and its commander, Major General Barry D. Bates. The district court dismissed this action without prejudice on the grounds that AAFES and General Barry are not proper party defendants under the relevant federal laws, Title VII and the Age Discrimination in Employment Act. Because neither

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

AAFES or General Barry is a proper defendant to this action, we affirm the district court's dismissal without prejudice.

The AAFES is part of the federal government and is classified as a non-appropriated fund instrumentality of the United States. *See* AAFES v. Sheehan, 456 U.S. 728, 102 S. Ct. 2118 (1982). As such, the AAFES shares in whatever immunity the government may have against suit under the Constitution and federal statutes.

By statute, the only proper party defendant in either a Title VII action or an Age Discrimination in Employment action brought against the United States is the head of the agency in which the alleged discriminatory acts occurred. 42 U.S.C. § 2000e-16(c); Honeycutt v. Long, 861 F.2d 1346 (5th Cir. 1988). AAFES is an integral part of the Department of Defense and operates is support of both the Army and Air Force. Dynes v. Army and Air Force Exchange Service, 720 F.2d 1495, 1496 (11th Cir. 1983). Therefore, as noted by the district court, the only proper party defendant in this action is the head of the Department of Defense, Secretary of Defense William S. Cohen. *See* Honeycutt, 861 F.2d at 1349.

Ms. Quevedo failed to name Secretary of Cohen as a defendant in her suit, leaving the district court with no alternative but to dismiss the case for lack of a proper party defendant.

Twenty-one days after the district court's entry of its order dismissing the case without prejudice, the Plaintiff-Appellant filed a motion seeking to change defendants from AAFES and General Bates to Secretary Cohen. A pro se party is in no way exempted from compliance with the relevant rules of procedure and substantive law. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171(5th Cir. 1991). Because Ms. Quevedo's motion to change defendants came after the entry of a final judgment by the district court it was void and ineffective.

**Affirmed.**