**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1821

IVETTE SANTIAGO-MARRERO, RAMON DIAZ-ORTIZ,
AND CONJUGAL PARTNERSHIP DIAZ-SANTIAGO,
Plaintiffs, Appellants,

v.

UNITED STATES OF AMERICA, KEVIN BEASON, SUSAN BEASON,
CONJUGAL PARTNERSHIP BEASON-BEASON, ESTEE LAUDER, INC.,
X INSURANCE COMPANY, AND JOHN DOE 01CV2736,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Joseph Deliz-Hernandez for appellants.
Lisa E. Bhatia-Gautier, Assistant United States Attorney, with whom H.S. Garcia, United States Attorney, and Miguel A. Fernandez, Assistant United States Attorney, were on brief for appellee United States of America.
Arturo Diaz-Angueira with whom Roberto Feliberti was on brief for appellee Estee Lauder.

March 31, 2003

**Per Curiam**.  Appellant Ivette Santiago-Marrero claims on appeal that the district court erroneously denied her the opportunity to amend her discrimination complaint.  She alleges that an employee of the federal government harassed her and caused her to be terminated from her job "because she was a Puerto Rican who could not speak English."  We vacate the dismissal of her complaint against the federal defendants and remand for further proceedings.

Briefly summarized, the facts as alleged in the complaint are as follows.  Appellant was hired in early 2000 by Estée Lauder, Inc., to work as a cosmetics salesperson at the Fort Buchanan Post Exchange, a store run by the Army & Air Force Exchange Service (AAFES).[1]  Santiago-Marrero speaks virtually no English, and she routinely referred non-Spanish speaking customers to her bilingual supervisor.  In June 2001, after appellant had been on the job for about eighteen months, a new manager, Kevin Beason, took over at the Post Exchange.  Appellant claims that Beason, a federal employee, repeatedly harassed her because of her inability to speak English and ultimately denied her access to the Post Exchange by forcing her to return her ID, thus barring her from her work site.  Estée Lauder told appellant that the company did not have a

---

[1] The AAFES is operated under the Department of Defense, and its personnel are federal employees.  See Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 733, 736 (1982); Honeycutt v. Long, 861 F.2d 1346, 1349 n.3 (5th Cir. 1988).

-2-

position for her at any other location, and she therefore was terminated.

Appellant filed suit on December 27, 2001 against the United States, Beason, and Estée Lauder, Inc.,[2] claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to -e17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634,[3] and the Fourteenth Amendment to the U.S. Constitution. She alleged in her complaint that Beason "maliciously maneuvered this entire ordeal" because of her status as a non-English speaking Puerto Rican. Appellant also had filed an administrative claim under the Federal Tort Claims Act in October 2001.

The district court dismissed the claims against Beason and the United States with prejudice, and dismissed the claims against Estée Lauder without prejudice, allowing appellant to pursue claims against her employer under Puerto Rico law in commonwealth courts. The court stated that neither the Title VII nor the ADEA claim was viable against the United States (or Beason) because appellant was not employed by the government. Although appellant had asked in her opposition to defendants' motion to dismiss for leave to amend

---

[2] The complaint also was filed on behalf of appellant's husband and their conjugal partnership, and against Beason's wife and their conjugal partnership. For simplicity, we refer in both instances only to the primary party.

[3] The ADEA claim rests on the allegation that appellant's replacement at the Post Exchange was younger than she. No other facts are alleged to suggest that age played any role in this case.

her complaint to add an FTCA claim, and further urged that the court take jurisdiction of her claims under <u>Bivens</u> v. <u>Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971),[4] the district court did not receive that memorandum before its decision.[5]

The court, however, did review the memorandum when it considered appellant's motion for reconsideration and stated that nothing in the opposition justified vacating its earlier ruling. In denying the request to amend, the court stated:

> Almost a year after the filing of the complaint plaintiffs attempt to recast their complaint against the United States under the Federal Tort Claims Act . . . . In the Motion for Reconsideration they mention, in passing, to "permit the present case to continue as a <u>Biven's</u> case." . . . . There is no justification for seeking amendment of the complaint for this purpose at this late stage of the proceedings. Accordingly, the request to amend complaint . . . . is DENIED[.]

Appellant does not argue that the court erred in concluding that she did not have viable claims against the federal defendants under either Title VII or the ADEA. Nor does she contest the court's decision to dismiss without prejudice the federal claims against Estée Lauder. Her only contention – and the only issue we

---

[4] In <u>Bivens</u>, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." <u>Corr. Servs. Corp.</u> v. <u>Malesko</u>, 534 U.S. 61, 122 S. Ct. 515, 519 (2001).

[5] There was some confusion over the due date for appellant's opposition, which was filed on April 29, 2002 – the day before the court signed its decision on the motion to dismiss – but the court eventually considered the memorandum, and so its timing proved to be of no consequence.

-4-

address – is whether the court wrongly denied her the opportunity to amend her complaint to include FTCA and <u>Bivens</u> claims.

Under Federal Rule of Civil Procedure 15(a), a litigant may amend a pleading once as a matter of right before a responsive pleading is filed and subsequently only if the parties consent or "by leave of court." <u>Judge</u> v. <u>City of Lowell</u>, 160 F.3d 67, 79 (1st Cir. 1998); Fed. R. Civ. P. 15(a). Here, appellant filed a first amended complaint approximately one month after her original complaint to correct a typographical error and a defendant's name, and she therefore needed the court's permission before amending again.

A district court's denial of leave to amend is reviewed for abuse of discretion, <u>Judge</u>, 160 F.3d at 79, but we examine its decision "through the prism of Federal Rule of Civil Procedure 15(a), which indicates that leave to amend a complaint 'shall be freely given when justice so requires,'" <u>Hatch</u> v. <u>Dep't for Children, Youth & Their Families</u>, 274 F.3d 12, 19 (1st Cir. 2001). "In practice, this means that the denial of such a motion will be upheld so long as the record evinces an arguably adequate basis for the court's decision (e.g., futility, bad faith, undue delay, or a dilatory motive on the movant's part)." <u>Id.</u>

The district court invoked timeliness concerns when it rejected appellant's attempt to add new claims "at this late stage of the proceedings," but it relied on the mistaken observation that

the complaint had been filed almost a year earlier. In reality, the complaint had been filed just four months before the requested amendment,[6] a lapse in time that strikes us as fairly brief. In addition, the court twice implied that it might have ruled differently had appellant timely asserted a <u>Bivens</u> claim. In its original grant of defendants' motion to dismiss, the court expressly noted that "[t]he complaint is not cast in the terms of a <u>Bivens</u> claim against Mr. Beason." And in ruling on the motion for reconsideration, as noted earlier, the court stated that there was no justification for allowing transformation of the case to one based on <u>Bivens</u> or the FTCA at that "late" date.

In light of the court's timing mistake,[7] and its own indication that it might have acted differently had it viewed the <u>Bivens</u>' claim as timely raised, we vacate the dismissal of the claims against the federal defendants. As we cannot say without some inquiry that amendment would be futile, and no other basis for dismissing the complaint is apparent, we are unable to affirm the court's decision on an alternative ground. <u>See</u> <u>Correa-Martinez</u> v.

---

[6] As noted earlier, the complaint was filed on December 27, 2001. Appellant's opposition to the motion to dismiss, which contained the request to amend, was filed on April 29, 2002.

[7] We note that the court also understated appellant's invocation of <u>Bivens</u>. Although the court correctly noted that the two-page motion for reconsideration contained only a brief request to allow the case to proceed as a <u>Bivens</u> action, that motion explicitly referred to the earlier opposition to the motion to dismiss, in which appellant presented a more developed <u>Bivens</u> argument.

Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990) ("[W]e may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory."). We emphasize, however, that we have not substantively explored appellant's new legal claims, and thus offer no view on their viability.[8]

We do offer two additional observations: first, in asserting a constitutional claim, appellant has repeatedly invoked the Fourteenth Amendment. That provision, of course, speaks only to the conduct of state officials and is inapplicable to actions by federal officials. See, e.g., Dry v. United States, 235 F.3d 1249, 1255 (10th Cir. 2000) (Fourteenth Amendment is "applicable only to actions by state and local entities, not by the federal government."). Any constitutionally based discrimination claim brought by appellant must therefore be cognizable under the Fifth Amendment. See Davis v. Passman, 442 U.S. 228, 248-49 (1979) (plaintiff alleging gender discrimination may bring Bivens action

---

[8] Defendants argue that a tort claim based on Beason's interference with appellant's employment is barred by a specific exclusion in the FTCA for "[a]ny claim arising out of . . . interference with contract rights," 28 U.S.C. § 2680(h). In addition, they point out that she filed her complaint before the expiration of the six-month waiting period for FTCA claims. See 28 U.S.C. § 2675(a). As for the constitutional claim, appellant's motion opposing dismissal indicates that it is based on the use of language as a proxy for national origin discrimination. It is up to the district court to determine in the first instance whether, on the facts alleged, these claims provide a viable basis for recovery.

for Fifth Amendment violation).  Second, our decision is a vacatur, not a reversal; it does not require the district court to allow appellant the opportunity to amend her complaint if, after further review, the court concludes that appellant's proposed amended complaint fails to set forth "a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory," Hatch, 274 F.3d at 19, or fails for any other reason.

The judgment against the federal defendants is vacated and the case is remanded to the district court for further proceedings.