*Marginal note: Vendor's lien not lost by transfer of note as collateral security.*

---

# WARD v. BLACKWOOD, AD.

1. ACTION: *By administrator for torts to deceased.*

By statute, (*Gantt's Digest, sec. 4760*), the personal representative of

a decedent may sue for an injury to his person, or if suit be com--
menced in the life of the injured party, it may be revived after his·
death in the name of his personal representative; but the statute does·
not extend to torts which do not directly affect the person, but only
the feelings or reputation, such as malicious prosecution.

2.  DAMAGES.   *Vindictive.*

An employer, who in a fit of passion, assaults his servant for neglect
of duty, thereby commits a breach of the peace and an actionable·
wrong; but if, making a reasonable allowance for the infirmities of·
human temper, the defendant has a reasonable excuse arising from
the provocation or fault of the servant, but not sufficient to justify
entirely the act done, then damages ought not to be assessed by way
of punishment, but the circumstances of mitigation should be con--
sidered.

APPEAL from *Faulkner* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*R. C. Newton* and *Henderson & Caruth* for appellant..

1.   The action did not survive;  *Gantt's Dig., 4760*;.
*Const., art. 5, sec. 35; 39 Mo., 485.*

2.   The evidence did not justify an instruction allowing
vindictive or exemplary damages, and an instruction to that
effect was misleading and prejudicial, *15 Ark., 492; 16·
Id., 628; 21 Ark., 69.*

3.   All facts showing provocation or absence of malice
should have been allowed to go to the jury in mitigation of
damages; *35 Ark., 495; Greenleaf on Ev., sec. 267; 2·
Addison on Torts, sec. 1393; 1 Mass., 12; 41 Ill., 126.*
Defendant may prove in mitigation any fact that goes to af--
fect the amount of the injury; *1 Mon., 333; 5 Laws,.
(N. Y.) 301; 3 Ib., 178; 28 N. Y., 641; 40 N, H.,
395; 9 Minn., 50; 7 Gray, (Mass.) 551; 2 Sedg. on
Dam., 525; 1 Baldw., 57; 2 Duer, N. Y., 310.*

4.   The verdict was excessive, and evinces passion and.
prejudice on the part of the jury.

*W. L. Terry* and *Blackwood & Williams,* for appellee..

1.   In actions for assault and battery an instruction that,

Ward v. Blackwood, Ad.

if the jury find that the assault was committed without fault on the part of plaintiff, in a wanton and willful manner, or with malice, they may find vindictive or exemplary damages, is sustained by authority. *45 Me., 163 ; 22 Mo. ; 2 Cal., 54 ; McNaman v. King, 7 Ill. ; Jefferson v. Adams, 4 Har. Del. ; 6 Hill, N. Y., 466 ; 16 Mich., 447 ; 53 N. H., 342 ; 35 Ark., 492.* It is error to give instructions abstract in their nature *only* where there is *no* evidence to support them. *27 Iowa, 221 ; 22 Ark., 447.*

2. No provocation short of justification will mitigate damages to an amount less than compensatory. *4 Wis., 67.*

3. The right of action survived, and was properly revived in the name of the admr. *Gantt's Dig., secs. 4760, 4766, etc. ; Field on Dam., p. 509, sec. 602 ; 106 Mass., 143 ; 9 Cush., 108 ; Ib., 478 ; 89 N. Y., 24 ; 16 Mich., 180 ; Field on Dam., sec. 643.*

4. The verdict is not excessive, and if it were, courts will not disturb a verdict solely on that ground, unless it clearly manifests passion or prejudice.

SMITH, J. Massey sued Ward in an action *ex delicto.* His complaint contained two paragraphs—one for assault and battery, and the other for malicious prosecution in having him arrested. After the issues had been made up, the plaintiff died. Mr. Blackwood qualified as his administrator and the action was revived in his name and proceeded to a trial, which resulted in a verdict against Ward for two thousand dollars damages.

Ward excepted to the revivor in the name of the personal representative, and afterwards moved the court to arrest the judgment and to grant him a new trial for this alleged error.

The first question, therefore, which confronts us is, whether such an action can be prosecuted to recovery by the administrator of a deceased plaintiff.

1. ACTION: By administrator for torts to deceased.

32–R

At common law no action for a tort survived the death, either of him who inflicted, or of him who received it. "No action," said Lord Mansfield, "where in form the declaration must be *quare vi et armis et contra pacem*, or where the plea must be that the testator was not guilty, could lie against the executor; upon the face of the record the cause of action arises *ex delicto*, and all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender." *Cowper, 375.*

So an action would not lie for the personal representative. "Executors and administrators are the representatives of the temporal property; that is the debts and goods of the deceased, but not of their wrongs, except when those wrongs operate to the temporal injury of their personal estate." *Chamberlain's Admr. v. Williamson, 2 Maule & S., per Lord Ellenborough.*

But our statute has changed the common law. *Sec. 4760 of Gantt's Dig.* provides: "For wrongs done to the person or property of another, an action may be maintained against the wrong doers and such action may be brought by the person injured, or, after his death, by his executor or administrator, against such wrong doer, or, after his death, against his executor or administrator, in the same manner and with like effect in all respects as actions founded on contracts."

And *sec. 4768*: "Where one of the parties to an action dies, * * * before the judgment, if the right of action survives in favor of or against his representatives * * * the action may be revived and proceed in their names."

The language of the statute includes every action, the substantial character of which is a bodily injury, or damage of a physical character, but does not extend to torts which do not directly affect the person, but only the feelings or reputation, such as malicious prosecution. *Smith v. Sher-*

Ward v. Blackwood, Ad.

*man, 4 Cush. 408*; *Nettleton v. Dinehart, 5 Id., 543*;
*Norton v. Sewall, 106 Mass., 143*.

The court committed no error in permitting the action to
proceed upon the first count; but it should have required
the plaintiff to strike out the count for malicious prosecu-
tion. That was not a wrong either to the person or prop-
erty of Massey. A trial upon that issue would have in-
volved an inquiry into the personal character of a dead man
and his innocence or guilt of a criminal offense. Such an
action does not survive.

The court gave the following direction to the jury:

2. DAM-
AGES:
Vindic-
tive.

"If the assault was committed without fault on the part
of the plaintiff in a wanton and willful manner, and under
circumstance of outrage, cruelty and oppression, or with
malice, they will be warranted in finding vindictive or ex-
emplary damages by way of punishment and for public ex-
ample."

Mitiga.
tion.

And it refused to give this: "If you find from the evi-
dence that Massey was employed by or for Ward, for the
purpose of guarding convicts, and that some of them es-
caped through the carelessness or negligence of said Mas-
sey, or through his connivance, and that Ward believed he
had so acted, although said belief or opinion will not justi-
fy the assault, it may be considerd in mitigation of dam-
ages."

The action of the court in these particulars was excepted
to and was urged in support of the motion for a new trial.
And it was also claimed that the damages were excessive.
The defendant was the lessee of the penitentiary. The
plaintiff was employed as a guard, and was especially in-
structed to be vigilant and never permit a convict to come
nearer him than twenty-five yards. He was not a man of
strong constitution and was in rather feeble health. He
seems to have fallen asleep on his post about 10 o'clock
in the morning and three convicts, taking advantage of his

condition, disarmed him and made good their escape. They were fired upon by the other guards, and in the midst of the commotion, the defendant came into the yard and being enraged at the escape of the convicts, seized a clapboard and struck the plaintiff three or four times over the shoulders and back.

This does not impress us as a proper case for the infliction of exemplary damages or smart money. An employer who, in a fit of passion, assaults his servant for a neglect of duty, thereby commits a breach of the peace and an actionable wrong. But if, making due allowance for the infirmities of human temper, the defendant has a reasonable excuse, arising from the provocation or fault of the plaintiff, but not sufficient to justify entirely the act done, then damages ought not to be assessed by way of punishment and the circumstances of mitigation should be considered.

For the public offense, Massey swore out a warrant, upon which Ward was arrested, arraigned, pleaded guilty, was fined $10 and costs and paid the same.

For the private injury this action is prosecuted. And the elements of damages are, the personal indignity involved in the assault, the plaintiff's bodily pain and suffering, loss of time and labor, and diminished capacity to work from the date of the assault to Massey's death, and the expenses of medical and surgical attendance during his injuries consequent upon the injuries received.

*Cushman v. Waddell, 1 Baldwin, 59,* was an action by a schoolmaster against a parent for a severe beating. The plaintiff had punished one of his pupils for some offense. The father went to the plaintiff's boarding-house, attacked and beat him savagely, accompanied by very intemperate and vindictive language and other circumstances of aggravation The court held that no provocation could excuse the defendant from making compensation for all the injury the plaintiff had suffered by the unlawful attack. But if

the jury were satisfied that, without any previous malice towards the plaintiff, or any deliberate design to injure him in person or in the estimation of the public, the defendant acted in the heat of passion, caused by the appearance and account of his son, it was a circumstance which ought to operate powerfully to reduce the damages to such as were compensatory.

In the case under consideration, there was no evidence of previous malice, nor of deliberate cruelty, only of hot blood and a certain recklessness. Ward had never seen Massey before. And Massey was very far from being free from fault.

For the errors above indicated, the judgment is reversed and a new trial is awarded.