**George C. MORGAN, Appellant,**

v.

**UNITED STATES POSTAL SERVICE; Des Moines Bulk Mail Center; Blades, Ken and William Lawson, Appellees.**

No. 86–1226.

United States Court of Appeals, Eighth Circuit.

Submitted July 8, 1986.

Decided Aug. 18, 1986.

Rehearing Denied Sept. 26, 1986.

Thomas Mann, Jr., Des Moines, Iowa, for appellant.

David G. Karro, Washington, D.C., for appellees.

Before ROSS, FAGG, and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

George C. Morgan appeals the district court's [1] dismissal of his handicap discrimination suit for failure to exhaust administrative remedies. For reversal, he argues that § 504 of the Rehabilitation Act, 29 U.S.C. § 794 (1982), does not require exhaustion of administrative remedies, and even if it did, he had no adequate administrative remedies to pursue. For the reasons discussed below, we affirm the district court's order.

At this point in the litigation, the record only contains Morgan's unanswered allegations as to the underlying facts, and they are as follows. Morgan is a diagnosed schizophrenic who began employment with the Postal Service as a mail carrier in February 1985. He experienced difficulties in his new job and his supervisor asked Morgan to resign. Morgan refused and asked that he be re-assigned to a less demanding job to accommodate his handicap. He

---

1. The Honorable Harold D. Vietor, United States Chief District Judge for the Southern District of Iowa.

sought a job as a custodian with the postal service, and was promised the job at the end of April 1985.

On May 2, 1985, appellee William Lawson phoned Morgan to advise that he could not work as a custodian because of his medication problems. A letter dated May 13, 1985, also informed Morgan that he could not be employed because he posed a hazard to himself and others.

Morgan filed this suit alleging discrimination on the basis of handicap in violation of § 504 of the Rehabilitation Act. He also alleged a violation of 42 U.S.C. § 1983, which the district court dismissed for lack of action taken under color of state law. The § 1983 dismissal is not disputed on appeal.

The district court dismissed Morgan's claim brought pursuant to the Rehabilitation Act for failure to exhaust administrative remedies. The court relied on this court's decision in *Gardner v. Morris*, 752 F.2d 1271 (8th Cir.1985), and found that exhaustion was a prerequisite to filing suit under § 504. Because Morgan conceded that he had not exhausted administrative remedies, the court dismissed his lawsuit.

## I. Exhaustion of § 504 Claims

▪ On appeal, Morgan argues that exhaustion is not required for claims brought under § 504. He cites § 505(a)(2) of the Act, which makes Title VI remedies available to § 504 claims, and points out that Title VI does not require exhaustion. He urges this court to reconsider its decision in *Gardner*, and argues that the question of exhaustion for § 504 claims was not fully presented to the *Gardner* court and *Gardner's* comments on § 504 were merely dic-

ta. We, however, decline to overturn *Gardner*.

The Rehabilitation Act provides two separate private causes of action for discrimination based on handicap. Section 501 requires federal agencies to implement affirmative action programs in employment for handicapped individuals. 29 U.S.C. § 791(b) (1982 & Supp.1985). Section 505(a)(1) makes Title VII remedies available to persons having complaints under § 501. 29 U.S.C. § 794a(a)(1) (1982). Accordingly, an express private cause of action exists under § 501 for handicap discrimination claims in employment by federal agencies. *Gardner*, 752 F.2d at 1277–78; *Smith v. United States Postal Service*, 742 F.2d 257, 259 (6th Cir.1984).

Section 504 provides that:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any other program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. . . .

29 U.S.C. § 794. Courts have implied a private cause of action from § 504. *See Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 632–33, 104 S.Ct. 1248, 1253, 79 L.Ed.2d 568 (1984); *Meiner v. Missouri*, 673 F.2d 969, 973–74 (8th Cir.), *cert. denied*, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982).[2]

Section 501 claims clearly must be exhausted before filing suit. 29 U.S.C.

---

**2.** The parameters of such actions against the federal government, however, are unclear. Two circuits have held that § 501 is the exclusive remedy for handicap discrimination claims in employment against federal agencies, including the Postal Service, despite § 504's plain language. *Boyd v. United States Postal Service*, 752 F.2d 410, 413 (9th Cir.1985); *McGuinness v. United States Postal Service*, 744 F.2d 1318, 1321 (7th Cir.1984). Other circuits have found that both sections create a cause of action against the federal government for claims of handicap

discrimination. *de la Torres v. Bolger* 781 F.2d 1134, 1135 (5th Cir.1986); *Smith*, 742 F.2d at 262. The Eighth Circuit recognizes a cause of action against federal agencies under both statutes. *See Gardner*, 752 F.2d at 1277–78 (although both § 501 and § 504 pled, claim construed under § 501 only). In addition, this circuit has recently reaffirmed that § 504 provides a cause of action for an individual claim of employment discrimination. *Moore v. Warwick Public School District No. 29*, 794 F.2d 322, 324–25 (8th Cir.1986).

§ 794a(a)(1). Whether the same is true for a § 504 claim, which Morgan asserts, however, is not as clear. Section 505(a)(2) provides that:

The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.] shall be available to any person aggrieved by any act or failure to act by a recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

29 U.S.C. § 794a(a)(2). In cases where the federal government is not a defendant, several courts have held that exhaustion is not required because Title VI remedies do not provide individual relief. *See, e.g., Meiner,* 673 F.2d at 978; *Pushkin v. University of Colorado,* 658 F.2d 1372, 1381 (10th Cir. 1981). In cases involving the federal government, however, courts have required exhaustion of Title VII remedies in § 504 actions. *See, e.g., Gardner,* 752 F.2d at 1279 n. 7; *Prewitt v. United States Postal Service,* 662 F.2d 292, 304 (5th Cir.1981). The difference appears to lie with the identity of the defendant. *See* Comment, *Section 504 of the Rehabilitation Act: Analyzing Employment Discrimination Claims,* 132 U.Pa.L.Rev. 867, 873 & n. 48 (1984) (plaintiffs suing the federal government may need to exhaust, whereas those suing a federally funded party need not exhaust).

This conclusion is supported by the language of the statutes. A careful reading of § 505(a)(2) supports the conclusion that Title VI remedies apply only to those § 504 actions filed against employers receiving federal assistance, i.e. private parties and states. Section 505(a)(2) makes no mention of Executive agencies or the Postal Service. Section 504, however, specifically lists all three types of employers. If Title VI remedies were available to all § 504 actions, § 505(a)(2) would not contain limiting language that specifically enumerates the types of § 504 actions for which Title VI remedies may be sought.

Although Title VI remedies need not be pursued against a federal defendant, the express statutory language does not mandate Title VII remedies for § 504 federal defendants either. The Fifth Circuit, in addressing this issue, examined the legislative history of the two provisions of § 505. *Prewitt,* 662 F.2d at 302–04. The *Prewitt* Court concluded that "in order to give effect to *both* [provisions as] finally enacted, [it] must read the [Title VII] exhaustion of administrative remedies requirement ... into the private remedy recognized by both Section 501 and Section 504 for federal government handicap discrimination." *Id.* at 304 (emphasis in original). In *Gardner,* this court noted its agreement with the *Prewitt* Court's analysis. 752 F.2d at 1279 n. 7.

█ We find no reason to disturb this analysis. An exhaustion requirement for claims of handicap discrimination in employment against the federal government is reasonable from a practical viewpoint. It seems unlikely that Congress would have enacted two statutes under which claims could be brought against the federal government, but only required exhaustion for one of them. To avoid administrative remedies simply by artful pleading is not a desirable result. Consequently, Morgan is required to exhaust administrative remedies even though he filed suit under § 504.[3]

## II. Adequacy of Administrative Remedies

█ Morgan then argues that even if exhaustion is required, he had no adequate administrative remedies to pursue. He contends that the administrative procedures are inadequate because they were not published in the Federal Register. Accordingly, Morgan contends that he was not required to exhaust administrative remedies.

Morgan's argument is without merit. The EEOC's published regulations require

---

**3.** Morgan's complaint is also deficient because he has failed to name the proper defendant. The Postmaster General is the only properly named defendant in an employment discrimination suit against the Postal Service. *McGuinness,* 744 F.2d at 1323.

federal agencies to provide for the processing of discrimination claims. 29 C.F.R. § 1613.708 (1985). Internal Postal Service Procedures set out the process for handling claims of discrimination. Internal agency rules need not be published. 5 U.S.C. § 502(b)(2) (1982). Furthermore, Morgan was aware of the procedures available to him. The record shows that his attorney attempted to file a complaint with the Equal Employment Opportunity Commission. The complaint was returned with an explanation that the complaint was to be filed with the Postal Service's EEO officer. If a person has actual notice of the unpublished procedures, then he is required to comply with the process. 5 U.S.C. § 552(a). Because Morgan had actual notice of the administrative process, he was required to follow it, and cannot claim the procedures were inadequate.

### III. Conclusion

Accordingly, we affirm the district court's order dismissing Morgan's complaint for failure to exhaust administrative remedies.