**Billie Jo McALISTER, Appellant,**

**v.**

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES and The United States Department of Health and Human Services, Appellees.**

No. 89–1284.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1990.

Decided April 9, 1990.

H. Kent Desselle, Independence, Mo., for appellant.

E. Eugene Harrison, Kansas City, Mo., for appellees.

Before McMILLIAN, Circuit Judge, MAGILL, Circuit Judge, and HANSON *, Senior District Judge.

HANSON, Senior District Judge.

McAlister appeals the dismissal of his claims brought against the Secretary of the Department of Health and Human Services and the United States Department of Health and Human Services (HHS). McAlister, a deaf person, asserts that he was

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

discriminatorily discharged by HHS because of his deafness. The District Court, the Honorable Howard F. Sachs, dismissed the petition finding McAlister barred from bringing this suit because he had failed to exhaust administrative remedies. We affirm the district court.

■ Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer. *Morgan v. United States Postal Service*, 798 F.2d 1162 (8th Cir.1986). Failure to exhaust such remedies is fatal where, as here, the claim against an agency is asserted under 29 U.S.C. § 794 ("§ 504"). *Id.* at 1165. Judge Sachs dismissed appellant's claims finding that appellant failed to satisfy this exhaustion requirement by not asserting a timely claim with the Equal Employment Opportunity Commission (EEOC).

■ Reversal of Judge Sach's ruling is warranted, appellant contends, on four different theories. First, appellant asserts that *Morgan* does not apply to him because as a temporary probationary employee he had no rights to appeal his termination with the EEOC. The district court properly found that appellant, in making this argument, is confusing general employee grievance procedures for temporary federal employees with their right to challenge a discriminatory termination with the EEOC. The length of employment of a federal employee does not limit his or her right to be free from prohibited discrimination, nor does it limit his or her right to bring a complaint before the EEOC. This conclusion is based on the lack of any statutory or judicial authority indicating that such an exception should or does exist. Thus, appellant had the right and the responsibility to seek a remedy administratively prior to instituting this lawsuit.

■ Appellant's second argument for reversal is that the district court erred in finding he had not exhausted his administrative remedies. The Court disagrees. Appellant did not file a complaint with the EEOC concerning his termination within 30 days of the termination as required by 29 C.F.R. § 1613.214(a)(1)(i)—a regulation which appellant does not challenge. Further, the employment grievance appellant had previously filed over work conditions did not satisfy this requirement because appellant had abandoned the grievance. *See McAlister v. Heckler*, No. 83–1057, slip op. at 10 (W.D.Mo. July 19, 1985). Finally, the EEOC's denial of an extension of time for filing a complaint was not an abuse of discretion because of the evidence supporting the agency's conclusion that the delay in making the claim was calculated. *See McAlister v. Secretary of HHS*, No. 86–1151, slip op. at 4–5 (W.D.Mo. December 27, 1988).

■ Appellant's third argument for reversal is that a state court judgment awarding employment compensation benefits based on a finding of discrimination collaterally estops the Government from contesting appellant's substantive right to relief in this case. The district court properly declined to decide this issue because its finding that he had failed to exhaust his administrative remedies foreclosed his right to a decision on the merits. *See Morgan*, 798 F.2d at 1165–66.

The last argument for reversal asserts that the district court improperly failed to address all of the issues before it. The record establishes otherwise. In its opinion the district court held "[p]laintiff does not respond to defendants' contentions that plaintiff has no claims properly before this court on the Privacy Act, or for misrepresentation or violation of conditions of his appointment. The court has reviewed these issues and, if they are not abandoned, agrees with defendants' presentation." *McAlister v. Secretary of HHS*, slip op. at 2 n. 1.

Accordingly, we affirm the district court based on its well reasoned opinions.