Yvonne OLIVER, as Administratrix of the Estate of Clarence Oliver, deceased, Plaintiff,

v.

The UNITED STATES ARMY, and Michael P.W. Stone, Secretary of the Army; The United States Air Force and Donald B. Rice, Secretary of the Air Force; the Army and Air Force Exchange Service, and Mervin Robinson, Each and All in Their Official Capacities, Defendants.

No. LR-C-90-41.

United States District Court, E.D. Arkansas, W.D.

Dec. 13, 1990.

Order March 13, 1991.

Arkie Byrd, Mays & Crutcher, Little Rock, Ark., for plaintiff.

Lesa Jackson, Asst. U.S. Atty., Little Rock, Ark., for defendants.

ORDER

ROY, District Judge.

Before the Court is the defendants' Motion to Dismiss and Motion to Strike. The plaintiff has responded and the defendants have filed a reply brief.

As grounds for the motion, the defendants state that plaintiff is deceased and no party may be substituted for him under the Rehabilitation Act; that plaintiff has failed to exhaust administrative remedies; and that the United States Army, the United States Air Force, the Army & Air Force Exchange Service ("AAFES"), and Mr. Mervin Robinson are not proper party defendants.

The plaintiff filed a Suggestion of Death with this Court on May 9, 1990, and filed a timely Motion for Substitution of Party, which was granted by the Court. Therefore, the defendants' argument relating to the timeliness of the filing of the Motion for Substitution of Party is moot.

In his amended complaint, the plaintiff alleges that defendants discriminated against him because of his handicap, Acquired Immune Deficiency Syndrome (AIDS) Related Complex, in violation of the Vocational Rehabilitation Act of 1973 [hereinafter cited as the Rehabilitation Act], 29 U.S.C. § 794. Plaintiff claimed that defendants failed to accommodate his disease while employed with the AAFES and that he was forced to terminate his employment because of the failure to accommodate. More specifically, plaintiff contends that when it was discovered he had AIDS, he was transferred from his position in Food Services to a retail clerk's position, and then to work outside mowing the lawn of the defendant AAFES facilities. Plaintiff contends that his condition was severely aggravated by this position due to AIDS related problems.

■ The defendants argue that under the authority of *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) and *Parkerson v. Carrouth*, 782 F.2d 1449 (8th Cir.1986), the Arkansas survivorship statute, Ark.Code Ann. § 16–62–101 (formerly Ark.Stat.Ann. § 27–901) does not allow survival of a civil rights action. In *Wegmann*, the Supreme Court decided that 42 U.S.C. § 1988 requires courts to apply state law to questions of survival of federal civil rights actions, as long as the state law is not inconsistent with the Constitution and the laws of the United States. In *Parkerson*, plaintiff filed a civil rights action under 42 U.S.C. §§ 1983, 1985 and 1986, stating a claim for libel, slander, malicious prosecution, and intentional injury to the plaintiff's medical practice. Plaintiff sought damages for monetary loss and the anxiety and mental anguish he allegedly suffered. The Eighth Circuit Court of Appeals affirmed the district court decision that, stripped of the libel and slander claims that plaintiff conceded did not survive, the action for malicious prosecution and intentional injury to plaintiff's medical practice did not survive the plaintiff's death.

The Court finds *Parkerson* to be distinguishable from the case *sub judice*. In this case, the plaintiff is alleging injury directly to his person, which places the plaintiff's cause of action squarely within the scope of the Arkansas survival statute. This is consistent with the earlier Arkansas case construed by the Eighth Circuit in *Parkerson*, that of *Ward v. Blackwood*, 41 Ark. 295 (1883). In referring to *Ward*, the Court in *Parkerson* stated:

> that statutory language identical to Ark. Stat.Ann. § 27–901 included only actions involving '*bodily injury*, or damage of a *physical* character, but [did] not extend to torts which do not directly affect the person, but only the feelings or reputation, such as malicious prosecution.' 41 Ark. at 298

(emphasis added).

*Parkerson*, 782 F.2d at 1452.

Since there are no Arkansas cases directly on point, this Court must speculate as to how the Arkansas Supreme Court would treat this issue. Based upon the authority cited above, the Court is of the opinion that they would allow the present cause of action to survive the plaintiff's death.[1]

Defendants next argue that the plaintiff failed to exhaust his administrative remedies, and refer to several steps required to be taken administratively under specific regulations applicable to certain federal employees. Plaintiff argues that nonappropriated fund employees are not legally deemed to be employees of the Federal Government under Chapter 1 Section 1 of Army Regulation 215–3 and are therefore not required to exhaust administrative rem-

---

1. This holding is consistent with the argument made by the plaintiff in a case similar to this one, *Glanz v. Vernick*, 750 F.Supp. 39 (D.Mass. 1990), that given the high mortality of AIDS patients, programs receiving federal funds may in fact feel free to discriminate against them, taking sanctuary in the knowledge that the § 504 cause of action will likely abate.

edies. In her supplemental response, plaintiff has attached a copy of the Army Regulation 215–3, and under the provision entitled "1–1 Purpose" it states as follows:

> Inasmuch as nonappropriated fund (*NAF*) employees are not legally deemed to be employees of the Federal Government (see para 1–6), the policies, procedures, and entitlements relating to employees paid from appropriated funds and those relating to *NAF* employees are *different.*

Plaintiff also refers to 5 U.S.C. § 2105(c), which states that "An employee paid from nonappropriated funds of the Army and Air Force Exchange Service, ... is deemed not an employee for the purpose of-(1) laws ... administered by the Office of Personnel Management; ..."

Defendant contends that 5 U.S.C. § 2105(c) goes on to state that "This subsection does not affect the status of these nonappropriated fund activities as Federal instrumentalities" and that Title VII and the Rehabilitation Act of 1973 are both administered by the Equal Employment Opportunity Commission (EEOC) rather than the OPM. Therefore, it is argued by defendants that plaintiff's reliance on particular language in 5 U.S.C. § 2105(c) is misplaced.

There is much discussion among the various circuits regarding the requirement of exhaustion of administrative remedies in cases brought under the Rehabilitation Act. In *Morgan v. United States Postal Service,* 798 F.2d 1162 (8th Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987), the Eighth Circuit describes the two separate private causes of action for discrimination based on handicap and the exhaustion requirement:

> Section 501 requires federal agencies to implement affirmative action programs in employment for handicapped individuals. 29 U.S.C. § 791(b) (1982 & Supp. 1985). Section 505(a)(1) makes Title VII remedies available to persons having complaints under § 501. 29 U.S.C. § 794(a)(1) (1982). Accordingly, an express private cause of action exists under § 501 for handicap discrimination claims

in employment by federal agencies. (citations omitted).

> Section 504 provides that:
>
> \* \* \* \* \* \*
>
> 29 U.S.C. § 794. Courts have implied a private cause of action from § 504. (citations omitted).
>
> Section 501 claims clearly must be exhausted before filing suit. 29 U.S.C. § 794a(a)(1). Whether the same is true for a § 504 claim, which Morgan asserts, however, is not as clear. ...
>
> In cases where the federal government is not a defendant, several courts have held that exhaustion is not required because Title VI remedies do not provide individual relief. (citation omitted). In cases involving the federal government, however, courts have required exhaustion of Title VII remedies in § 504 actions. (citations omitted). The difference appears to lie with the identity of the defendant.

*Id.,* 798 F.2d at 1164–1165.162

In *Honeycutt v. Long,* 861 F.2d 1346 (5th Cir.1988), an AAFES employee brought suit against the major general who was commander of AAFES, under the Age Discrimination in Employment Act, Title VII, and the Rehabilitation Act. In *Honeycutt,* the Court held:

> The AAFES is a Nonappropriated Fund Instrumentality ("NAFI") of the United States operating under the Department of Defense. It is directed by a board of directors composed of Army and Air Force members. In the Department of Defense Directive 1401.1–M, Personnel Policy Manual for NAFI's, NAFI employees are stated to be federal employees within the Department of Defense.

*Id.,* 861 F.2d at 1349, n. 3.

Based upon the nature of the plaintiff's complaint and the language contained in *Morgan* and *Honeycutt,* the Court is inclined to think that exhaustion of remedies would be required. However, the Court would like further briefing from the parties on this issue.

The Court in *Honeycutt* further held:

> Both Title VII and the ADEA specifically state that this law identifying the

proper defendant applies to personnel actions affecting employees in military departments as defined in 5 U.S.C. § 102, and in executive agencies as defined by 5 U.S.C. § 105. *See* 42 U.S.C. § 2000e–16(a) and 29 U.S.C. § 633(a). Military departments are defined as the Department of Army, the Department of Air Force, and the Department of Navy. 5 U.S.C. § 102. An executive agency means an executive department, a government corporation, and an independent establishment. 5 U.S.C. § 105. The Department of Defense is an executive department. 5 U.S.C. § 101. An independent establishment means an establishment in the executive department, military department, or part thereof. 5 U.S.C. § 104. The AAFES is a part of the Department of Defense. (footnote omitted). Thus, the AAFES by statutory definition is not an executive department, military department, executive agency, or independent establishment.

*Id.,* 861 F.2d at 1349.

The Court would like the parties to provide it with supplemental briefs addressing the issue of exhaustion of administrative remedies, taking into consideration all of the language set out in the Army regulation, the language in *Morgan,* and the language in *Honeycutt.* The parties should also state whether the same administrative remedies previously referred to by the defendants in their brief are applicable in light of the language contained in *Honeycutt.* The plaintiff will also have another opportunity to persuade the Court why exhaustion should not be required.

■ Finally, regarding the proper party defendant, the Court in *Honeycutt* found that a proper defendant would be the head of the Secretary of Defense, since the Department of Defense is an executive department. By way of footnote, the Court also stated that since the AAFES is run jointly by the Department of the Air Force and the Department of the Army, Honeycutt could properly have sued the Secretary of the Air Force and the Secretary of the Army jointly. Based upon this language, it appears that only the Secretary of the Air Force and the Secretary of the Army are proper party defendants in this case. The remaining defendants are therefore dismissed.

The supplemental briefs herein requested should be filed by no later than January 7, 1990.

## ORDER

On December 13, 1990, the Court directed the parties to provide supplemental briefs addressing the issue of exhaustion of administrative remedies. The supplemental briefs have been received, and the Court issues the following ruling.

■ As stated in the previous order, plaintiff argues that nonappropriated fund employees are not legally deemed to be employees of the federal government under Chapter 1 Section 1 of Army Regulation 215–3 and are therefore not required to exhaust administrative remedies. Defendant contends that plaintiff's reliance on the language in 5 U.S.C. § 2105(c) is misplaced.

The Court agrees with the defendant. Plaintiff was an employee of the Army and Air Force Exchange Service (AAFES), which is a Nonappropriated Fund Instrumentality (NAFI) of the United States operated by the Department of Defense. *Honeycutt v. Long,* 861 F.2d 1346 (5th Cir. 1988). Plaintiff is not an Army employee, nor did he work at an Army installation. Army Regulation 215–3 applies to Army employees who are "... paid from nonappropriated funds and who are under the exclusive control of the Secretary of the Army." AAFES employees are not included in the list of employees set out in the regulation. In fact, subparagraph b of the regulation states that the regulation does not apply to "(7) Employees of the Army and Air Force Exchange Service." Therefore, the regulation cited by plaintiff for the proposition that AAFES employees are not federal employees does not apply to AAFES employees.

5 U.S.C. § 2105(c), which relates to federal employees, states, in pertinent part:

(c) An employee paid from nonappropriated funds of the Army and Air Force Exchange Service ... is deemed not an employee for the purpose of—

(1) laws ... administered by the Office of Personnel Management; ...

This subsection does not affect the status of these nonappropriated fund activities as Federal Instrumentalities. (1980 and 1990 Cum.Supp.).

The EEOC regulations implemented at 29 CFR § 1613.201, *et seq.* which apply to the processing of discrimination complaints under Title VII and the Rehabilitation Act for federal employees, specifically include NAFI employees of military departments and executive agencies. 29 CFR § 1613.201(b). Department of Defense Directive 1401.1–M, Part I, Paragraph D–4, a copy of which was provided by the defendants, states:

> 4. The acts quoted above [5 U.S.C. § 2105(c) and other sections of Title 5] removed NAFI employees from the provisions of laws or regulations administered by the U.S. Office of Personnel Management, *except Equal Employment Opportunity* (EEO) and wage fixing for prevailing-rate employees covered under the provisions of P.L. 92–393 and except for application of the Fair Labor Standards Act (as amended by P.L. 92–259). (emphasis added)

The inclusion of NAFI employees under the EEO laws is consistent with the fact that the definition of employee used in Title 5 "does not affect the status of these nonapropriated fund activities as Federal instrumentalities." 5 U.S.C. § 2105(c)(2). The Court therefore concludes, as defendant urges, that NAFI employees have available to them the administrative remedies contained in the EEOC regulations which implement Title VII and the Rehabilitation Act, that those remedies are exclusive and preemptive just as they are for any other federal employees, and therefore, they are bound by the same administrative exhaustion requirements as other federal employees.

Furthermore, according to the language in *Morgan v. United States Postal Service,*

798 F.2d 1162 (8th Cir.1986), *cert. denied,* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987), whether administrative exhaustion is required, "appears to lie with the identity of the defendant." 798 F.2d at 1165. The AAFES is an arm of the federal government, thus giving rise to the administrative exhaustion requirement. *Army and Air Force Exchange Service v. Sheehan,* 456 U.S. 728, 733, 102 S.Ct. 2118, 2121, 72 L.Ed.2d 520 (1982), and this exhaustion requirement is applicable to Section 504 claims against federal agencies. *See e.g. McAlister v. Secretary of the Department of Health and Human Services,* 900 F.2d 157 (8th Cir.1990); *Morgan, supra.*

Based upon the foregoing, the Court finds that the plaintiff was required to exhaust his administrative remedies in this matter. Since plaintiff has never disputed the defendants' contention that Mr. Oliver failed to exhaust his administrative remedies, the complaint must be, and is hereby dismissed.