# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2564

_____

Arkansas Adapt; Stephen Keith, as    *
parent and next friend of Ezekiel Keith,  *
a minor; Susan Keith, as parent and next*
friend of Ezekiel Keith, a minor; Janet   *
Stevens, as mother of Samantha Stevens,*
a minor; Janelle Romandia, as mother of*
Brandy Romandia, a minor,           *    Appeal from the United States
                                          *    District Court for the
        Appellants,            *    Eastern District of Arkansas.
                                          *       [UNPUBLISHED]
        v.                     *
                                          *
Roger W. Johnson, Administrator,    *
United States General Services       *
Administration,                *
                                          *
        Appellee.            *

_____

Submitted: April 15, 1998
Filed: June 2, 1998

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Arkansas Adapt and separate appellants appeal the district court's[1] adverse grant of summary judgment in their civil action against the General Services Administration and its administrator (collectively GSA). We affirm.

In their complaint, plaintiffs asserted that because of the inaccessibility of physical facilities, GSA failed to make the programs, services, and activities offered at the Little Rock, Arkansas federal office building readily accessible to disabled citizens, in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). Plaintiffs sought declaratory and injunctive relief.

The district court granted GSA's motion for summary judgment and dismissed the action without prejudice, concluding that plaintiffs had failed to exhaust administrative remedies as required by the Administrative Procedure Act, 5 U.S.C. §§ 701-706, which was the proper avenue for judicial review. See 5 U.S.C. § 704 (requiring exhaustion of administrative remedies). After de novo review, see Earnest v. Courtney, 64 F. 3d 365, 366-67 (8th Cir. 1995) (per curiam) (standard of review), we conclude the district court's decision was correct.

We have not specifically addressed whether exhaustion of administrative remedies is required in the context of a Rehabilitation Act claim against the federal government in its proprietary capacity. Cf. Morgan v. United States Postal Serv., 798 F.2d 1162, 1165 (8th Cir. 1986) (per curiam) (federal employee must exhaust administrative remedies before bringing § 504 handicap discrimination claim against federal government as employer), cert. denied, 480 U.S. 948 (1987). Appellants do not dispute the availability of an administrative procedure in which to bring their complaint and obtain relief. See 41 C.F.R. §§ 105-8.101 to 105-8.170-13 (1997) (describing

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

administrative procedures for filing complaint alleging handicap discrimination by GSA in violation of § 504); cf. J.L. v. Social Security Administration, 971 F.2d 260, 262, 270 (9th Cir. 1992) (mentally handicapped individuals, who had raised § 504 handicap-discrimination challenge to Social Security Administration's application procedures for supplemental security income, were required first to exhaust administrative remedies).

Appellants also do not dispute that their claim involves facts and decisions that GSA has the expertise to address, and they have failed to show that administrative remedies would be futile. Cf. Miener v. Missouri, 673 F.2d 969, 978 (8th Cir.) (not requiring exhaustion of administrative remedies in § 504 suit against federally funded state entities where regulations adopted by Department of Health and Human Services were of little comfort to individual plaintiff), cert. denied, 459 U.S. 909, and cert. denied, 459 U.S. 916 (1982). At oral argument, counsel for appellants conceded that he would seek relief from the agency before filing suit were a similar case to arise in the future. Counsel acknowledged that, with the exception of the relocation of two existing handicapped-parking spaces, the federal building's physical facilities have now been made accessible to disabled citizens. Although the appeal is thus largely moot, the alleged lack of appropriately located handicapped-parking spaces presents a live controversy. See Layton v. Elder, No. 97-1698, slip op. at 4 (8th Cir. May 6, 1998).

Given that appellants' action involves the accessibility of one federal building to disabled persons, we reject their argument that exhaustion should not be required because their complaint involves questions of significant national interest. See Phillip Morris, Inc. v. Block, 755 F.2d 368, 371 (4th Cir. 1985). We also reject appellants' argument that, because purely legal issues are involved, exhaustion is not required. See Missouri v. Bowen, 813 F.2d 864, 871 (8th Cir. 1987).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.